IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.H. ROBINSON WORLDWIDE, INC., a foreign corporation,

Plaintiff,

vs.

WEST COAST CARRIERS, L.L.C., a Washington limited liability corporation; ADAM J. LOLLEY and CATHY LOLLEY, individually and the marital community comprised thereof,

Defendants.

CIVIL ACTION NO. CV8-5415 FDB

**PRELIMINARY INJUNCTION**

This matter came before the Court to show cause as to why this preliminary injunction should not be entered.

Based on the evidence presented, the Court finds the following facts establish there is a combination of probable success on the merits of CHRW's Computer Fraud & Abuse Act claim, Washington Uniform Trade Secrets Act claim and Breach of Contract claims and that a possibility of irreparable harm exists without the issuance of a preliminary injunction:

1. Defendant Lolley was a CHRW Transportation Sales Representative, who started his employment on May 2, 2006. In that capacity, Lolley was responsible for daily operations

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

involving the sale of CHRW's services to individual customers and arranging customer shipments with the various third party suppliers that the Company uses in its regular course of business.

2. Lolley's employment ended on April 26, 2008 based on his decision to resign from the CHRW.

3. On April 9, 2008, and April 15, 2008, knowing he was leaving his employment with CHRW to become employed with a competing company, Lolley entered the computer network of CHRW and misappropriated Company customer and carrier information and related financial data. This information provides CHRW with a significant competitive advantage in the transportation brokering marketplace.

4. Lolley sent to himself at his personal e-mail address several e-mails attaching Microsoft Excel spreadsheets containing comprehensive data from 2007 and 2008 regarding each of CHRW's customers for its Bellevue Office. The stolen customer data included the revenues, profit margins, and recent levels of business with CHRW over a two year period. He also sent himself seven data files containing detailed customer information from the years 2006, 2007 and 2008, including the identity of their carriers and pricing information. This type of information has been developed and built up by CHRW over the past several years. It therefore has value which only is increased by the fact that it derives independent economic value by not being known by those who could profit from it use while in competition against CHRW. The specific e-mails and attachments are identified at paragraph nine of the Declaration of Bruce Gustas.

5. Armed with this information, a competitor could divert customers from CHRW by undercutting CHRW's prices and disparaging CHRW's rates. Likewise, a competitor, such as WCC or any other transportation broker, could use the carrier information to divert carriers from dealing with CHRW by overbidding for shipping rates when the transportation market is strong.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

6. In addition to password protection, which limits access to the Company's computer databases only to authorized employees, CHRW has several policies in place that are designed to protect the information at issue in this case. As a condition of employment, on May 2, 2006, Lolley signed a Data Security Agreement acknowledging, among other things, that all customer lists, customer names, and customer records were to be considered the confidential and proprietary records belonging to CHRW and that such information was not to be stored outside of the office. Lolley also signed the Company's Electronic Data and Communications Policy. This policy provides, among other things, that "all material or data created or stored" on CHRW's computer network "are the property of and belong to the Company," that materials on the computer network "may be confidential or proprietary to the Company or its customers or vendors and should be treated as confidential." The Policy also provides that "[t]he Company's Electronic Systems may not be used for personal gain . . . or any illegal or unethical use" and that "[u]nauthorized and illegal uses" of the Company computers includes "providing Company information to a competitor, [and] sending Company information or e-mail to yourself at a personal e-mail address or to a third party for purposes other than as authorized for furthering the legitimate goals of the Company." Finally, Lolley also signed a "Confidentiality and Noncompetition Agreement." This Agreement, among other things, obligates Lolley "at any time" not to "use, disclose, copy or assist any other person or firm in the use, disclosure or copying of any" of CHRW's confidential information that includes, in relevant part, all "customer and carrier lists" and "pricing information."

7. On May 2, 2006, Lolley signed an Employee Certificate of Compliance acknowledging that he had received a copy of the Code of Ethics and that he understood that he had a "continuing obligation for so long as I remain employed by Company to read, review, and understand each and every new Company policy or any and all amendments or modifications to the Company policies that may become effective during the course of my employment." The

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Code of Ethics provides, among other things, that business, financial, marketing and service plans associated with products and services, customer lists, business and product plans with outside vendors, pricing strategies and internal data bases are examples of Information Assets that are to be protected. The policy explicitly states that "You many not use any non-public information which you have access to in the course of your work for C.H. Robinson for any personal gain or advantage."

8. Lolley admitted to CHRW employee Megan Kaysinger on April 11, 2008 that he was seeking employment competitive against CHRW with a company located in Port Orchard, Washington, which is where WCC is located. On April 15, 2008, the day after Mr. Lolley gave his notice of resignation to CHRW, he admitted to Ms. Kaysinger that he accepted employment with the Port Orchard based employer. On April 14, 2008, however, Lolley advised Mr. Gustas, CHRW's Bellevue, Washington office manager, that he was resigning due to health care concerns with his grandmother-in-law.

9. Without WCC's knowledge, Lolley saved on WCC's computers certain of the CHRW documents identified herein, as well as others, that belonged to CHRW. The following specific excel spreadsheets were found on Mr. Lolley's WCC computer that are not the property of WCC and which WCC did not request Mr. Lolley transfer to WCC's computer system: (1) Dawn Foods.xls (162kb); (2) Dray List.xls (204kb); (3) OB.xls (314 kb); (4) Sabroso.xls (81kb); (5) Shining Ocean.xls (44kb); (6) Simplot.xls (156kb); (7) TaiFoong.xls (74kb); (8)YakJuice (139bk).

10. While employed by WCC, Lolley sold to customers to whom he was prohibited, by his non-competition agreement with CHRW from soliciting. These customers are: Tai Foong, Sabroso Company and Dawn Foods. Lolley sought, but was unsuccessful in soliciting CHRW clients Pyramid Brewing and Yakima Juice.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

A. To the extent not already completed, Defendant Lolley is ordered to return to CHRW (though its counsel) within 48 hours of the issuance of this Order all hard copies of CHRW customer, carrier and revenue data obtained from CHRW and its computer systems;

B. Defendants Lolley shall not use or disclose such data in any manner whatsoever;

C. Defendants Lolley shall not solicit or conduct business with CHRW customers/carriers listed on the misappropriated computer data;

D. Within 48 hours from the date of this Order, Lolley shall compile a list disclosing any and all persons and/or entities to whom any CHRW data has been disclosed or disseminated, and shall deliver the list(s) to counsel for CHRW herein;

E. Lolley shall provide access to an independent forensic consultant retained by CHRW to each such computer or other storage device or medium in his custody or control so that the forensic computer consultant may conduct an inspection of such computer/storage device for CHRW's data described herein and permanently delete the same as well as make a forensic image of each such computer/storage device as it existed prior to any deletions made by the forensic consultant solely for use in this litigation. The information contained on Lolley's computer(s) shall be treated as confidential by CHRW and counsel for CHRW, and such information shall only be used for purposes of this litigation;

F. To the extent not yet completed, Lolley shall make himself available at a mutually agreeable time no later than 21 days from the date of this Order for deposition conducted by CHRW's counsel;

G. Lolley, through his counsel, shall notify counsel for CHRW if he accepts employment with an employer competitive to CHRW.

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Entered this 17th day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

Presented By:

DORSEY & WHITNEY LLP

*/s/ Alexander A. Baehr*
Alexander A. Baehr, WSBA #25320
Stephanie Strike, WSBA #39337
Attorneys for Plaintiff

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820